United States District Court
for the
Southern District of Florida

Jesse Harris, Plaintiff, )
)
v. ) Civil Action No. 20-25075-Civ-Scola
)
Greg Harris, Defendant. )

### Order Granting Motion for Leave to Proceed *In Forma Pauperis* and Striking Complaint

This matter is before the Court upon Plaintiff Jesse Harris's[1] application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Jesse's motion to proceed without prepaying his fees or costs (**ECF No. 3**); however, at the same time, the Court **strikes** his complaint, **with leave to amend**, for the reasons set forth below.

In his complaint, Jesse says that Defendant Greg Harris found Jesse's unemployment debit card in Jesse's mail and then used information from the card to open an online account in Jesse's name. (Compl., ECF No. 1, 4.) Once Greg opened the account, according to Jesse, Greg used it to transfer $10,000 to Greg's own bank account. (*Id.*) Although Jesse says Greg only transferred $10,000 to his account, Jesse nonetheless maintains, without any explanation, that Greg owes him $80,000. (*Id.*)

28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

"A complaint is 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Jackson v. Lehern McGovern Bovis, Inc.*, 1:16-CV-02987-CAP, 2017 WL 11144693, at *2 (N.D. Ga. Feb. 13, 2017), *report and recommendation adopted,* 1:16-CV-2987-CAP, 2017 WL 11150834 (N.D. Ga. Mar. 3, 2017) (citing *Davis v. Ryan Oaks Apartment,* 357 Fed. App'x 237, 238–39 (11th Cir.

---

[1] Because both parties have the same last name, the Court refers to them by their first names.

Dec. 17, 2009) and *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking)).

A party seeking to invoke a federal court's diversity jurisdiction, as Jesse does here, must allege facts that show that federal subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Those allegations, when federal jurisdiction is invoked based upon diversity, must include facts sufficient to show that the amount in controversy more likely than not exceeds the $75,000 jurisdictional minimum. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Based on the record before it, the Court does not find the facts as alleged show that the jurisdictional threshold has been met.

While a plaintiff's amount-in-controversy allegations should generally be accepted as true, that is only if they are made in good faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Here, while Jesse "ask[s] the court to order $80,000.00" and summarily maintains Greg "owes [him] $80,000.00," the only actual fact he supplies regarding the amount in controversy is that Greg wrongfully transferred $10,000 of Jesse's unemployment benefits into Greg's own account. (Compl. at 4.) Since the facts alleged only account for $10,000, the Court is unable to determine whether the jurisdictional threshold has truly been met. And without this information, the Court is unable to assure itself that it has subject-matter jurisdiction over this case.

Because of this deficiency, the Court strikes Jesse's complaint as it does not sufficiently allege facts showing that the amount in controversy actually exceeds $75,000. If Jesse believes he can allege, *in good faith*, facts establishing the Court's subject-matter jurisdiction, he must file an amended complaint on or before **January 4, 2021**. Jesse is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not including Jesse's motion to proceed *in forma pauperis*, are **denied as moot**.

The Court directs the Clerk to **mail** and **email** copies of this order to the

Plaintiff at the addresses indicated below.

  **Done and ordered**, in Miami, Florida, on December 17, 2020.

               _____
               Robert N. Scola, Jr.
               United States District Judge

*Copy, via U.S. mail, to*:
**Jesse Harris**
1065 SW 8th Street, #12
Miami, FL 33130

Jesseharris8851@gmail.com