United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jesse Harris, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-25075-Civ-Scola |
| | ) |
| Greg Harris, Defendant. | ) |

### Order Dismissing Case

      Previously, the Court struck Plaintiff Jesse Harris's[1] pro se complaint, upon 28 U.S.C. § 1915 screening, because it failed to allege facts sufficient to show that the amount in controversy more likely than not exceeds the $75,000 jurisdictional minimum. (Order, ECF No. 4 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).) In doing so, though, the Court afforded Jesse the opportunity to file an amended complaint if he believed he could, in good faith, allege facts establishing that the amount in controversy indeed exceeds $75,000. (*Id.* at 2.) Jesse has filed an amended complaint (Am. Compl., ECF No. 9) but his allegations as to the jurisdictional amount again fall short. Accordingly, for the following reasons, the Court **dismisses** this case, **without prejudice.**

      In his amended complaint, Jesse details the amounts he alleges Defendant Greg Harris stole from Jesse's online benefits account: $5,000 on July 17, 2020; and an additional $4,500 the following day, on July 18. (*Id.* at 4.) Despite acknowledging Greg "stole a total of $9,500" from him, Jesse nonetheless insists Greg owes him $80,000. Once again, however, Jesse fails to supply any actual facts supporting this amount. Instead, Jesse provides only conclusory assertions and speculation. For example, he says that Greg owes him $80,000 because Greg "used the information on an unemployment debit card in [Jesse's] name that he found in [Jesse's] mail." (*Id.*) Jesse also contends Greg should have to compensate him beyond the amounts stolen because the money was stolen at a time when Jesse "really needed the money" and, had Jesse had access to the stolen funds, he could have invested in a reliable vehicle which would have made it easier to get a higher paying job. (*Id.*) Jesse also complains he was unable to pay his bills when the funds went missing. (*Id.*) Ultimately, he maintains the $80,000 will not only reimburse him for the

---

[1] Because both parties have the same last name, the Court refers to them by their first names.

stolen money, but it will compensate him for the pain he endured due to the difficulties occasioned by the theft. (*Id.*)

But, by not actually quantifying the amounts beyond the $9,500, Jesse fails to provide the Court with anything more than speculation and conjecture to make up the gap of $65,500 to reach the threshold amount. *See Bradley v. Kelly Services, Inc.*, 224 Fed. App'x 893, 895 (11th Cir. 2007) ("A conclusory allegation that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's burden.") (cleaned up). Since Jesse premises jurisdiction here, in large part, "on a claim for indeterminate damages," he "bears the burden of proving by a preponderance of the evidence that the claim on which [he] is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (cleaned up). Jesse has fallen far short of meeting this burden. Indeed, the facts Jesse did supply—that the amount stolen was only $9,500—appear to make it clear that his claim is, in actuality, for far less than the jurisdictional amount. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount.") (cleaned up).

Accordingly, because Jesse has failed to satisfy his burden of establishing his claim meets the jurisdictional threshold amount, the Court finds he has not established the Court's subject-matter jurisdiction over this case. Indeed, it appears the Court affirmatively does not have jurisdiction over this case. As a result, then, the Court **dismisses this case without prejudice**. This case is to remain closed. Any pending motions are **denied as moot**.

The Court directs the Clerk to **mail** and **email** copies of this order to the Plaintiff at the addresses indicated below.

**Done and ordered**, in Miami, Florida, on December 29, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. mail, to*:
**Jesse Harris**
1065 SW 8th Street, #12
Miami, FL 33130

Jesseharris8851@gmail.com